UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JAMES J. CHANEY, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] 5:08-CV-01216-LSC |
| | ] |
| MICHAEL J. ASTRUE, | ] |
| Commissioner, | ] |
| Social Security Administration, | ] |
| | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

I.  Introduction.

The plaintiff, James J. Chaney, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Mr. Chaney timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Chaney was thirty-five years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he has a seventh-grade education. (Tr.


at 19.)  His past work experiences include employment as a bull rider, fast food cook, bulldozer operator, welder, die cast operator, construction worker, and mechanic helper.  (Tr. at 173.)  Mr. Chaney alleges disability beginning June 30, 2003, due to back and leg pain,  daily migraines, anxiety, depression, and an inability to get along with other people.  (Tr. at 20-21.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The first step requires a determination of whether the claimant is "doing substantial gainful activity."  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If he or she is, the claimant is not disabled and the evaluation stops. *Id.*  If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id.*  The decision depends on the medical evidence in the record.  *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971).  If the claimant's impairments are not severe, the

analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the claimant's impairments fall within this category, he or she will be found disabled without further consideration.  *Id.*  If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step.  20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.*  If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step.  *Id.*  Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can do

other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Mr. Chaney meets the nondisability requirements for a period of disability and DIB and was insured through the date of his decision. (Tr. at 17.) He further determined that Mr. Chaney has not engaged in substantial gainful activity since the alleged onset of his disability. (*Id.*) According to the ALJ, Plaintiff's pain resulting from numerous injuries suffered during his rodeo career, mood disorder, depressive disorder, and history of substance abuse qualify as "severe" based on the requirements set forth in the regulations. (Tr. at 18.) However, he found that these impairments neither meet nor medically equal any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. (*Id.*) The ALJ did not find Mr. Chaney's allegations to be completely credible, and he determined that Mr. Chaney has the following residual functional capacity: he can perform medium work requiring that he stand and walk for six hours of an eight-hour day with normal breaks or sit for six hours in an eight-hour day with normal breaks; he can do work capable of being performed with the use of only one lower extremity, and that requires only "occasional" postural maneuvers, climbing, and/or use of

ladders, ropes, and scaffolds; he can comprehend and recall "brief and uncomplicated" directions and carry out "short and simple" instructions; he can remain attentive and concentrated for two-hour periods over an eight-hour workday; and he can interact socially with co-workers and the public if that interaction is "casual and moderately limited." (*Id.*)

The ALJ found that Mr. Chaney has the residual functional capacity to perform certain light or medium, unskilled or semiskilled work. (Tr. at 26.) Specifically, the ALJ found that Mr. Chaney is able to perform past relevant work as a bull rider, mechanic helper, and fast food worker. (*Id.*) He determined that Mr. Chaney is unable to perform past relevant work as a construction worker, a job classified as "heavy, semiskilled," because this work would exceed Mr. Chaney's residual functional capacity. (*Id.*) The ALJ relied on the testimony of a vocational expert in determining which past relevant work Mr. Chaney is capable of performing with his current limitations. (*Id.*) The ALJ concluded his findings by stating that Plaintiff "has not been under a disability, as defined in the Social Security Act, from June 30, 2003 through the date of this decision." (*Id.*)

II.     Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's

decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.   Discussion.

Mr. Chaney alleges that the ALJ's decision should be reversed and remanded for three reasons. First, he contends that the ALJ's finding that Mr. Chaney can return to past relevant work as a bull rider or mechanic's helper is not supported by the vocational expert's ("VE") testimony. (Doc. 16.) Second, Mr. Chaney argues that the VE's testimony that an individual limited to use of one lower extremity, able to comprehend and recall only "short and simple" instructions, and able to have only "casual and moderately limited" interaction with the public can perform as a fast food worker conflicts with the Dictionary of Occupational Titles ("DOT").

Therefore, Mr. Chaney contends, the VE's testimony on this point is not an adequate basis for the ALJ's finding that Mr. Chaney can perform past relevant work as a fast food worker. (*Id.*) Third, Mr. Chaney asserts that the ALJ's finding that Mr. Chaney is capable of performing "medium" work is not supported by substantial evidence. (*Id.*)

    A.    Ability to Return to Past Relevant Work as a Mechanic Helper or Bull Rider.

Plaintiff contends that the VE's testimony does not support the ALJ's finding that he is able to perform past relevant work as a mechanic helper or bull rider. (Doc. 16.) The Commissioner agrees that the VE testified, based on the ALJ's hypothetical, that Mr. Chaney would not be able to return to work as a mechanic helper or bull rider. (Doc. 17.) Because the parties agree that the VE's testimony did not support the finding that Mr. Chaney is capable of returning to work as a mechanic helper or bull rider, Mr. Chaney's appeal turns on whether the ALJ's finding that he is capable of performing past relevant work as a fast food worker is supported by substantial evidence.

    B.    Ability to Return to Past Relevant Work as a Fast Food Worker.

The ALJ concluded that Mr. Chaney is capable of performing "medium" work and has the ability to stand and walk 6 hours in an 8-hour day or to sit for 6 hours in an 8-hour day, with normal breaks.  However, the ALJ also found that Mr. Chaney has the following limitations (among others): his occupation must be capable of being performed with one lower extremity; he is mentally capable of comprehending and recalling only brief and uncomplicated directions and carrying out only short and simple instructions; and he is capable of social interaction with the public and his co-workers only if that interaction is casual and moderately limited. (Tr. at 18.)

The VE testified that an individual capable of comprehending brief and uncomplicated directions, carrying out short and simple instructions, and having casual, moderately limited interaction with others can work as a fast food worker. (Tr. at 486.) Plaintiff contends that the VE's testimony on this point contradicts the Dictionary of Occupation Titles ("DOT") and that remand is appropriate in order to resolve the conflict. (Doc. 16.)

According to the DOT, employment as a "fast-foods worker" requires a reasoning level of at least 2: the ability to "[a]pply commonsense

understanding to carry out *detailed but uninvolved* written or oral instructions." DOT § 311.472-010 (emphasis added).[1]  Additionally, the DOT states that a fast-food worker would need a temperament appropriate for "dealing with people" and be able to talk and hear "frequently." *Id*.

Plaintiff argues that there is a conflict between the VE's testimony and the DOT. If, Plaintiff contends, Mr. Chaney is incapable of comprehending and carrying out instructions that are not "short and simple," it is unclear how he is capable of executing "detailed" instructions as required of a fast-food worker. Likewise, if Mr. Chaney is capable of only "casual and moderately limited" social interaction, it is unclear how he would effectively perform work requiring "frequent[]" talking and hearing and a temperament suited to "dealing with people." (Doc. 16.)

The ALJ also asked the VE whether an individual limited to medium work, the ability to stand and walk for six out of an eight-hour workday with normal breaks, and use of only "one lower extremity" could perform Mr. Chaney's past relevant work. Again, the VE responded that such a person

---

[1] In contrast, an occupation with a Reasoning Level of 1 requires the job-holder to "[a]pply commonsense understanding to carry out simple one- or two-step instructions." (DOT Appendix C.)

would be capable of performing past relevant work as a fast food worker. (Tr. at 487.) Plaintiff contends that the VE's testimony on this point conflicts with the DOT because the DOT categorizes fast food work as "light work," which, unlike sedentary work, may entail "walking or standing to a significant degree." DOT § 311.472-010. A person limited to use of one lower extremity, Plaintiff argues, could not "perform work that entails standing and walking during most of the workday." (Doc. 16.)

The hypothetical posed to the VE by the ALJ asked about a person who "[h]as the ability to stand and walk for six out of an eight-hour workday with normal breaks." (Tr. at 486.) Later in the *same* hypothetical, the ALJ added, "The claimant testified that he had a bad leg, so we limit the occupations which can be performed with one lower extremity." (Tr. at 486-87.) At face value, these two hypothetical capacities seem to conflict. However, Mr. Chaney's testimony regarding his "bad leg" supports the ALJ's formulation of the hypothetical. Mr. Chaney testified that he cannot drive a standard transmission vehicle because pushing the clutch "hurts." (Tr. at 484.) He also testified that he can walk about one-half mile at a time, albeit slowly. (Tr. at 477.) In addition, he testified that he currently is able

to and does clean the house and take out the trash. (Tr. at 483.) Taken together, these statements indicate that Mr. Chaney has one weaker leg, but is in fact capable of using both legs for activities such as standing and walking. Indeed, the consultative physical examination performed on Mr. Chaney by Dr. Bharat Vakharia showed that Mr. Chaney "had a normal gait." (Tr. at 21.) There is substantial evidence in the record to support the ALJ's determination that Mr. Chaney is capable of employment as a fast food worker despite reduced ability to use one of his legs.

Social Security Ruling 00-4p states that "[a]t the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency [between the evidence offered by the VE and the information in the DOT]." 2000 WL 1898704, at *2. If a conflict is identified, the ALJ must resolve the conflict. *Id.* In this case, however, the ALJ did make the requisite inquiry of the VE. He asked her, "Is your testimony consistent with the Dictionary of Occupational Titles?" She responded, "Yes, sir." (Tr. at 489.)

Mr. Chaney cites a number of non-controlling cases in support of his argument that if any conflict exists, the ALJ is required to resolve that

conflict on the record. However, in many of these cases the ALJ either neglected to inquire whether a conflict existed, as required by SSR 00-4p, or failed to resolve a conflict that had been identified. *See, e.g., Hackett v. Barnhart*, 395 F.3d 1168, 1175 (10th Cir. 2005) (ALJ noted inconsistency in his decision but failed to appropriately resolve it). In contrast, here the ALJ inquired whether a conflict existed, and no conflict was identified.

SSR 00-4p is quite clear with regard to the ALJ's responsibility:

> When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT. In these situations, the adjudicator will:
> Ask the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and
> If the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.

SSR 00-4p at *4. Here, the ALJ explicitly inquired whether the VE's testimony comported with the DOT, and the VE responded in the affirmative. Nothing in SSR 00-4p suggests that *in addition* to making this inquiry, the ALJ had an independent duty to consult the DOT for purposes of verifying that the VE's testimony was consistent with it. Because the ALJ

followed the procedures outlined in SSR 00-4p, the fact that he did not identify a conflict and resolve it on the record is not reversible error. His finding that Mr. Chaney is capable of performing past relevant work as a fast food worker is supported by substantial evidence.

C.   Ability to Perform "Medium Work."

Plaintiff contends that because the record contains no physician opinions on Mr. Chaney's functional limitations or lack thereof, the ALJ's finding that Mr. Chaney has the residual functional capacity ("RFC") to perform medium work is not supported by substantial evidence. (Doc. 16.) A RFC is defined as "the most you can still do despite your limitations," and the Agency will assess RFC based on "all the relevant evidence in your case record." 20 C.F.R. § 404.1545(a). Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds." 20 C.F.R. § 404.1567(c). A person capable of doing medium work is also capable of doing sedentary and light work. *Id*.

The Commissioner agrees with Plaintiff that the VE's testimony did not support the ALJ's determination that Mr. Chaney could perform past relevant work as a bull rider and mechanic helper (both classified as medium

work). And this Court finds that the ALJ's determination that Mr. Chaney can perform past relevant work as a fast food worker (classified as light work) is supported by substantial evidence. Because there is light past relevant work that Mr. Chaney is capable of performing, and no medium past relevant work still at issue in this case, the Court need not reach the question of whether the ALJ's determination that Mr. Chaney has the RFC to perform medium work is supported by substantial evidence.

IV. Conclusion.

Upon review of the administrative record, and considering all of Mr. Chaney's arguments, the Court finds that the Commissioner's decision that Mr. Chaney is capable of performing past relevant work as a fast food worker is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this <u>18th</u> day of <u>September 2009</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671